# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JARED BATTERMAN,<br><br>   Plaintiff,<br><br>v.<br><br>BR CARROLL GLENRIDGE, LLC, IQ DATA INTERNATIONAL, INC., EQUIFAX INFORMATION SERVICES, LLC, AND TRANS UNION LLC,<br><br>   Defendants. | Civil Action No.:<br>1:19-CV-01598-CC-JFK |

### **DEFENDANT BR CARROLL GLENRIDGE, LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR COSTS AND ADDITIONALLY, MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Defendant BR Carroll Glendrige, LLC ("BR Carroll") files this Response to Plaintiff's Motion for Costs, and asks that the Court deny that Motion. BR Carroll further asks that the Court enforce the parties' previously agreed to settlement. BR Carroll shows this Court as follows:

I.   STATEMENT OF FACTS

In December 2018, a representative of BR Carroll's insurer, claims manager Hilda Trujillo, and Plaintiff's counsel began negotiating the Plaintiff's claims resulting from his lease of an apartment at Arium Glendridge (the "Property"). Negotiations continued through several back and forth emails between Plaintiff's counsel and Ms.

Trujillo. (*See Email correspondence, attached hereto as Exhibit "A"*). While negotiations were ongoing, Plaintiff filed his lawsuit on April 9, 2019. Plaintiff then served BR Carroll with a Notice of Lawsuit and Request for Waiver of Service of Summons. This letter was dated April 11, 2019, and served on BR Carroll on April 15, 2019. (*Notice of Lawsuit and Request for Waiver of Service of Summons, attached hereto as Exhibit "B"*). As stated in the letter, Plaintiff's counsel gave BR Carroll 30 days from the date on which the notice was sent to return the signed waiver. (*Ex. B*). Before the expiration of this thirty day period, the parties agreed to settle the case.

On May 8, 2019, Ms. Trujillo sent Plaintiff's counsel an email which attached a letter confirming the agreed to settlement amount and including a release. (*May 8, 2019 Letter and Release, attached hereto as Exhibit "C"*). Almost one month later, on June 5, 2019, Plaintiff filed a Notice of Settlement with the Court stating that "Plaintiff and Defendants BR Carroll … **have agreed to terms for settlement** for which they will need approximately 60 days to conclude, and thereafter Plaintiff will file a stipulation of dismissal with prejudice." (*Doc. 9*) (emphasis added). On June 18, 2019, Ms. Trujillo followed up with counsel for Plaintiff regarding the status of the signed release as no signed release had been received. (*June 18, 2019 email, attached hereto as Exhibit "D"*). On June 20, 2019, Plaintiff's counsel sent back a release executed by his clients but with a few lines crossed out. (*Executed release, attached hereto as Exhibit "E"*). After receiving the altered but signed release, Kim

Graves, a different claims manager, sent back the original release and again requested execution without alteration on the same day. (*June 20, 2019 email, attached hereto as Exhibit "F"*). Ten days later, without requesting any further waiver of service, Plaintiff served BR Carroll. BR Carroll has since incurred costs in answering Plaintiff's Complaint, drafting initial disclosures, and drafting this motion.

Argument and Citation to Authority

Plaintiff's Motion for Cost should be denied based on the parties entering into a settlement agreement prior to the expiration of time for BR Carroll to waive service of the summons. Further, BR Carroll requests that Plaintiff's claims against BR Carroll be dismissed and the previously agreed to settlement of this matter be enforced.

**A.      Plaintiff's Motion for Costs Should Be Denied**

Plaintiff's Motion for Costs is based on Fed. R. Civ. P. 4(d). Pursuant to Fed. R. Civ. P. 4(d), a Plaintiff may provide notice to a defendant that an action has been commenced and request that the defendant waive service of a summons by following the specific provisions outlined in Fed. R. Civ. P. 4(d)(1)(A)-(G). Section 4(d)(1)(F) of this Rule requires that the notice and request "give the defendant a reasonable time of at least 30 days after the request was sent…to return the waiver." This was acknowledge by Plaintiff in his Notice to BR Carroll, which stated, "[t]he cost of service will be avoided if I receive from you a signed copy of the waiver within 30 days after the date on which this **NOTICE AND REQUEST** was sent." (*Ex. B*).

3

Pursuant to Fed. R. Civ. P. 4(d)(2), fees are to be awarded to the Plaintiff only if the defendant cannot show good cause for its failure to waive service. Here, BR Carroll has good cause for not waiving service, that is, that a settlement of this matter was reached before its time to waive service expired. The letter sent to BR Carroll requesting waiver of service was dated April 11, 2019. As such, BR Carroll had until May 11, 2019, to sign and return the waiver of service. BR Carroll and Plaintiff reached a settlement agreement in this case on May 8, 2019. BR Carroll had no reason to sign and return a waiver of service form for a Complaint that it understood would be dismissed as to it as soon as a release was signed and the agreed to settlement amount was paid. Plaintiff does not dispute that settlement was reached, as evidenced by Plaintiff's filing of a Notice of Settlement with this Court on June 5, 2019. (*Doc. 9*). At no time after the settlement was reached did Plaintiff inform BR Carroll that it was again requesting that BR Carroll waive service of the Complaint. In fact, these costs incurred by Plaintiff would have been avoided altogether had Plaintiff not had a knee-jerk reaction to a disagreement concerning the language of the release.

BR Carroll asks that the Court DENY Plaintiff's request for costs based on the good cause shown by BR Carroll.

### B. This Matter Has Been Settled, and the Court should Enforce the Previously Agreed to Settlement Agreement

Additionally, BR Carroll asks that the Court enforce the previously agreed to settlement agreement. As this Court has previously recognized, "[i]t is well settled that our law favors compromises, and an agreement to settle a pending lawsuit should be enforced according to its terms. A compromise of a dispute is binding on the parties." *Cadet v. Infinity Ins. Co.*, 1:11-CV-02367, 2011 WL 6368230 (N.D. Ga. Dec. 16, 2011) (quoting *McClain v. George*, 267 Ga. App. 851 (2004)). Further, "it is well settled that the mere inclusion of a release form unacceptable to the plaintiff does not alter the fact that a meeting of the minds had occurred with regard to the terms of the settlement." *Newton v. Ragland*, 325 Ga. App. 371, 374 (2013) (quoting *Turner v. Williamson*, 321 Ga. App. 209, 213(2) (2013)). Under Georgia law, where there is no dispute as to whether a settlement is reached or as to the terms of the settlement, the settlement agreement is enforceable. *See Ligon v. Bartis*, 243 Ga. App. 328, 329-330 (2000).

Here, BR Carroll and Plaintiff reached a settlement agreement in May of this year. On May 8, 2019, a letter confirming this agreement and providing a proposed release was sent to Plaintiff. Four weeks after Plaintiff and his counsel received the May 8, 2019 letter and release, Plaintiff filed a Notice with this Court stating that a settlement had been reached and that "the terms had been agreed to." (*Doc. 9*). While there was some dispute regarding the language of the release, this does not change the

5

fact that the material terms of the agreement, the settlement of Plaintiff's claims against BR Carroll in exchange for $5,000, had been accepted by both parties.

Despite the disagreement as to the language in the release, BR Carroll agrees with Plaintiff's representation in his Notice to the Court that the terms of the settlement had been agreed to. (*Doc. 9*). Thus, BR Carroll asks the Court to enforce those terms. BR Carroll asks the Court to enforce this previously agreed to settlement and to instruct the parties to prepare a mutually agreeable release to be executed by Plaintiff. Following the execution of a mutually agreeable release, BR Carroll will then issue the agreed upon settlement payment to Plaintiff with the understanding that once the previously agreed upon settlement payment is received, Plaintiff will dismiss his claims WITH PREJUDICE against BR Carroll.

BR Carroll is filing with this Response and Motion a proposed Order for the Court's consideration.

This 28th day of August 2019.

*(signature on next page)*

| | |
|---|---|
| **WOOD, SMITH, HENNING & BERMAN LLP**<br>1230 Peachtree Street NE, Suite 925<br>Atlanta, Georgia 30309<br>Telephone:  470-552-1150<br>Fax:  470-552-1151<br>rzelonka@wshblaw.com<br>mmoyer@wshblaw.com<br>slytle@wshblaw.com | */s/ Molly L. Moyer*<br>Richard E. Zelonka, Jr.<br>Georgia Bar No. 142152<br>Molly L. Moyer<br>Georgia Bar No. 987498<br><br>*Counsel for Defendant*<br>*BR Carroll Glenridge, LLC* |

## **LOCAL RULE 7.1(D) CERTIFICATION**

The undersigned counsel hereby certifies that the foregoing has been prepared in accordance with one of the font (Times Roman) and point selections (14 pt) approved by the Court in Local Rule 5.1 (B) and (C).

This 28th day of August 2019.

| | |
|---|---|
| **WOOD, SMITH, HENNING, & BERMAN, LLP**<br>1230 Peachtree Street, Suite 925<br>Atlanta, GA 30309<br>Telephone:  470-552-1150<br>Facsimile:  470-552-1151<br>rzelonka@wshblaw.com<br>mmoyer@wshblaw.com<br>slytle@wshblaw.com | */s/ Molly L. Moyer*<br>Richard E. Zelonka, Jr.<br>Georgia Bar No. 142152<br>Molly L. Moyer<br>Georgia Bar No. 987498<br><br>*Counsel for Defendant,*<br>*BR Carroll Glendridge, LLC* |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JARED BATTERMAN,<br><br>    Plaintiff,<br><br>v.<br><br>BR CARROLL GLENRIDGE, LLC, IQ DATA INTERNATIONAL, INC., EQUIFAX INFORMATION SERVICES, LLC, AND TRANS UNION LLC,<br><br>    Defendants. | Civil Action No.:<br>1:19-CV-01598-CC-JFK |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the foregoing ***Defendant BR Carroll Glenridge, LLC's Response to Plaintiff's Motion for Costs and Additionally, Motion to Enforce Settlement Agreement*** on all parties via CM/ECF electronic filing portal, addressed as follows:

| | |
|---|---|
| Orion G. Webb, Esq.<br>Miranda N. Hanley<br>Smith, Welch, Webb & White, LLC<br>280 Country Club Drive, Suite 300<br>Stockbridge, Georgia 30281 | Michael Merar, Esq.<br>Quilling, Selander, Lownds, Winslett &Moser, P.C.<br>6900 N. Dallas Parkway, Suite 800<br>Plano, TX 75024 |
| Kristin N. Zielmanski, Esq.<br>Equifax Legal Department<br>1550 Peachtree Street, NW<br>Atlanta, GA 30309 | |

9

This 28th day of August 2019.

| | |
|---|---|
| **WOOD, SMITH, HENNING & BERMAN LLP**<br>1230 Peachtree Street NE, Suite 925<br>Atlanta, Georgia 30309<br>Telephone:  470-552-1150<br>Fax:  470-552-1151<br>rzelonka@wshblaw.com<br>mmoyer@wshblaw.com<br>slytle@wshblaw.com | <u>*/s/ Molly L. Moyer*</u><br>Richard E. Zelonka, Jr.<br>Georgia Bar No. 142152<br>Molly L. Moyer<br>Georgia Bar No. 987498<br><br>*Counsel for Defendant*<br>*BR Carroll Glenridge, LLC* |