IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JARED BATTERMAN,

    Plaintiff,

vs.

BR CARROLL GLENRIDGE, LLC; IQ DATA INTERNATIONAL, INC., EQUIFAX INFORMATION SERVICES LLC; and TRANS UNION, LLC,

    Defendants.

CIVIL ACTION NO.

1:19-CV-1598-CC-RDC

# OPINION AND ORDER

This case is before the Court on the Non-Final Report and Recommendation (the "R&R") [Doc. No. 44] issued by Magistrate Judge Janet F. King on October 3, 2019. The recommendation set forth in the R&R is that the Court deny Defendants Trans Union LLC and Equifax Information Services LLC's Motion for Judgment on the Pleadings [Doc. No. 30]. On October 17, 2019, Defendants Trans Union LLC ("Trans Union") and Equifax Information Services LLC ("Equifax") (collectively referred to herein as "Defendants") filed objections to the R&R. (Doc. No. 46.) For the reasons set forth below, the Court sustains those objections, rejects the R&R, and grants the Motion for Judgment on the Pleadings.

## I. BACKGROUND

### A. The Lease Agreement and the Post-Termination Liquidated Damages

Plaintiff Jared Batterman ("Plaintiff" or "Mr. Batterman") rented an apartment from BR Carroll Glenridge, LLC ("BR Carroll") from September 7, 2017, to January 20, 2018. (Compl. [Doc. No. 1] ¶ 9.) The lease agreement between Mr. Batterman and BR Carroll provided, in pertinent part, the following:

> This lease shall end if the premises are destroyed or otherwise rendered uninhabitable due to an Act of God or any other catastrophic event or casualty that was not the responsibility of Resident or Resident's occupants, family, social guests, or invitees.
>
> The Resident shall not continue to occupy an apartment which is rendered uninhabitable due to fire, Act of God, or other catastrophic casualty and must remove all personal property and return possession to Management.

(Doc. No. 1-1 ¶ 11.)

Plaintiff alleges that "shortly after Plaintiff and Defendant Landlord executed the subject lease, the leased premises were rendered uninhabitable due to flooding." (Compl. ¶ 14.) Because BR Carroll failed to repair the leak or remediate the flooding, despite having been put on notice of the leak and repairs having been requested by Mr. Batterman, the apartment continued to be uninhabitable. (Id. ¶¶ 13, 16, 18.) Lab results of samples taken from the apartment showed elevated counts of harmful molds in the apartment's storage closet and living room. (Compl. ¶ 18; Doc. No. 1-2.)

Plaintiff terminated the lease by letter dated January 20, 2018, and by email on January 21, 2018. (Compl. ¶ 19; Doc. No. 1-3.) "BR Carroll acknowledged the termination of the lease, but claimed . . . that Plaintiff owed an additional $2,816 as 'liquidated damages.'" (Compl. ¶20.) BR Carroll hired a company called IQ Data International, Inc. ("IQ Data") to collect the debt. (Id. ¶¶ 21-22.) On February 5, 2018, Plaintiff's counsel sent a letter notifying IQ Data, and reiterating to BR Carroll, that the purported debt did not exist. (Id. ¶ 23; Doc. No. 1-4.) BR Carroll and IQ Data continued to represent that the debt was owed and continued collection attempts against Plaintiff. (Id. ¶ 24.)

B. The Reports of the Debt

Beginning around April 7, 2018, BR Carroll and IQ Data reported to credit reporting agencies, including Equifax and TransUnion, that Plaintiff was delinquent on an account. (Id. ¶ 25.) Plaintiff sent dispute letters to Defendants Equifax and Trans Union on April 15, 2018, explaining that the representations from BR Carroll and IQ Data were false and requesting that Equifax and Trans Union investigate those representations. (Id. ¶ 26; Doc. Nos. 1-5 and 1-6.) Plaintiff attached to the dispute letters copies of the credit reports showing that the original amount owed was $3,391 and that the past due amount owed was $3,441, a copy of the mold report, and Plaintiff's correspondence with BR Carroll. (Doc. Nos. 1-5, 1-6.) Plaintiff also asserted in the dispute letters that he overpaid

3

BR Carroll because he paid the full rent for January 2018 but terminated the lease and returned the keys to BR Carroll on January 21, 2018. (Id.) Plaintiff further stated in the dispute letters that BR Carroll owed him his deposit of $75. (Doc. Nos. 1-1, 1-5, 1-6.) In the Complaint, Plaintiff makes no allegations regarding the alleged overpayment of rent or the security deposit in connection with his claims against Equifax and Trans Union. (See generally Compl.)

Plaintiff alleges Equifax and Trans Union did not conduct an adequate investigation of the dispute and continued to report that Plaintiff owed BR Carroll liquidated damages. (Id. ¶¶ 28, 30.) After experiencing credit-related issues, Plaintiff again sent dispute letters to Defendants Equifax and Trans Union on November 27, 2018. (Id. ¶¶ 31-32, 34.) Defendants Equifax and Trans Union continued to report that Plaintiff owed BR Carroll liquidated damages. (Id. ¶¶ 36, 39.)

### C. Claims Against Equifax and Trans Union

Plaintiff has brought this action seeking to hold the Defendants Equifax and Trans Union liable for negligent and willful violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., related to their reporting of a debt that he contends is invalid. Plaintiff asserts that Equifax and Trans Union violated 15 U.S.C. § 1681e(b) of the FCRA by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit

report and credit files they publish and maintain concerning Plaintiff. (Compl. ¶ 43.) Plaintiff alleges he has consequently suffered damages and that the conduct, action, and inaction of Equifax and Trans Union has been willful. (Id. ¶¶ 44-45.) Plaintiff alternatively alleges that their conduct was negligent. (Id. ¶ 46.) Plaintiff seeks to recover costs and attorney's fees from both Equifax and Trans Union. (Id. ¶ 47.)

Plaintiff also alleges that Equifax and Trans Union violated 15 U.S.C. § 1681i of the FCRA on multiple occasions by failing to delete inaccurate information in Plaintiff's credit file after receiving actual notice of the inaccuracies, failing to conduct lawful reinvestigations, failing to maintain reasonable procedures with which to filter and verify disputed information, and relying upon verification from unreliable sources. (Compl. ¶¶ 49-52.) Plaintiff again alleges he has consequently suffered damages and that the conduct, action, and inaction of Equifax and Trans Union has been willful. (Id. ¶¶ 53-54.) Plaintiff alternatively alleges that their conduct was negligent. (Id. ¶ 55.) Plaintiff seeks to recover costs and attorney's fees from both Equifax and Trans Union. (Id. ¶ 56.)

D. Findings and Conclusions in R&R

The Magistrate Judge determined that the Motion for Judgment on the Pleadings should be denied. The Magistrate Judge acknowledged the arguments of Equifax and TransUnion that Plaintiff failed to allege that either consumer

5

reporting agency ("CRA") reported any factually inaccurate information and that Plaintiff's complaint is that Equifax and Trans Union did not adopt Plaintiff's interpretation of the lease agreement and failed to adopt Plaintiff's legal position as to the reporting of the account. While the Magistrate Judge also acknowledged that Equifax and Trans Union might prevail on these arguments at summary judgment, she determined that dismissal under Rule 12(b)(6) or Rule 12(c) is not warranted simply because a plaintiff does not plead specific facts showing that disputed information was inaccurate. The Magistrate Judge also concluded that, even if specificity is required at the pleadings stage, Plaintiff has alleged a plausible factual inaccuracy in his credit report and that this is sufficient to state a claim under the FCRA.

Viewing the allegations in a light most favorable to Plaintiff, as is required at this juncture, the Magistrate Judge stated that the allegations tended to show that there was an inaccuracy in Plaintiff's credit report and that there was a factual dispute about the amount allegedly owed by Plaintiff. Equifax and Trans Union consequently were required to conduct a reasonable investigation to determine the accuracy of what was reported, but they did not do so, according to Plaintiff's allegations. Instead, Plaintiff alleges they wrongly relied upon information supplied by BR Carroll. The Magistrate Judge found that these allegations are sufficient to state a claim for relief under the FCRA.

Based on the same allegations mentioned above, the Magistrate Judge likewise found that Plaintiff's Complaint plausibly asserts a claim for willful violations of the FCRA. At this stage, according to the R&R, the complaint sufficiently alleges that Defendants' actions entailed an unjustifiably high risk of harm so as to rise to a level of reckless disregard of a requirement of the FCRA.

E.   Objections to R&R

Defendants lodge several objections to the R&R. First, they maintain that a factual inaccuracy is a required element of Plaintiff's FCRA claims, yet Plaintiff alleges a legal question, not a factual inaccuracy. Second, Defendants take issue with the Magistrate Judge's decision not to apply the holdings of relevant cases, which were decided on summary judgment, at the motion to dismiss/motion for judgment on the pleadings stage. Next, Defendants assert the Magistrate Judge erred in accepting as true the allegations that the apartment became uninhabitable and that, as a consequence, Plaintiff could not remain in the apartment and the lease ended due to the uninhabitability of the apartment. Defendants contend that the Magistrate Judge erroneously accepted legal conclusions in the Complaint as true and failed to acknowledge that there was an unresolved lease dispute between Plaintiff and BR Carroll as to Plaintiff's liability for liquidated damages.

## II. APPLICABLE STANDARDS OF REVIEW

A. <u>Evaluation of Report and Recommendation and Objections</u>

After reviewing a magistrate judge's findings and recommendations submitted pursuant to 28 U.S.C. § 636(b)(1)(B), a district judge may accept, reject, or modify the findings or recommendations. 28 U.S.C. § 636(b)(1). A party challenging a report and recommendation must "file . . . written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." <u>Macort v. Prem, Inc.</u>, 208 F. App'x 781, 783 (11th Cir. 2006) (citation and internal quotation marks omitted); <u>see also</u> Fed. R. Civ. P. 72(b)(2). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." <u>Jeffrey S. v. State Bd. of Educ. of Ga.</u>, 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted). The district judge must "give fresh consideration to those issues to which specific objection has been made by a party." <u>Id.</u> "Frivolous, conclusive, or general objections need not be considered by the district court." <u>Marsden v. Moore</u>, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted). Those portions of a report and recommendation to which an objection has not been made are reviewed for plain error. <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983).

B. <u>Evaluation of Motion for Judgment on the Pleadings</u>

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings. "'Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts.'" <u>Cunningham v. District Attorney's Office for Escambia Cty.</u>, 592 F.3d 1237, 1255 (11th Cir. 2010) (quoting <u>Andrx Pharms., Inc. v. Elan Corp.</u>, 421 F.3d 1227, 1232–33 (11th Cir. 2005)); <u>accord</u> <u>Hawthorne v. Mac Adjustment, Inc.</u>, 140 F.3d 1367, 1370 (11th Cir. 1998); <u>ThunderWave, Inc. v. Carnival Corp.</u>, 954 F. Supp. 1562, 1564 (S.D. Fla. 1997) ("To obtain a judgment on the pleadings, the moving party must clearly establish that no material issue of fact remains unresolved and that it is entitled to judgment as a matter of law."). "Federal district courts have applied a fairly restrictive standard in ruling on motions for judgment on the pleadings." <u>Bryan Ashley Int'l., Inc. v. Shelby Williams Indus., Inc.</u>, 932 F. Supp. 290, 291 (S.D. Fla. 1996) (internal marks and citation omitted).

A motion for judgment on the pleadings under Rule 12(c) is governed by the same standards as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). <u>Sun Life Assurance Co. of Canada v. Imperial Premium Finance, LLC</u>, 904 F.3d 1197, 1207 (11th Cir. 2018). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (ellipsis omitted). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

The court "must accept all facts in the complaint as true and view those facts in the light most favorable to the plaintiff." Sun Life, 904 F.3d at 1207. Legal conclusions, however, "are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).

## III. ANALYSIS

"[T]he FCRA was enacted 'to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.'" Chipka v. Bank of Am., 355 F. App'x 380, 382 (11th Cir. 2009) (quoting 15 U.S.C. § 1681(b)). The FCRA is intended "to prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report." Equifax v. Fed. Trade Comm'n, 678 F.2d 1047, 1048 (11th Cir. 1982).

Section 1681e(b) of the FCRA provides that "[w]henever a [CRA] prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information . . . ." 15 U.S.C. § 1681e(b). "In order to make out a prima facie violation of [15 U.S.C. § 1681e(b)], the Act implicitly requires that a consumer must present evidence tending to show that a [CRA] prepared a report containing 'inaccurate' information." Cahlin v. General Motors Acceptance Corp., 936 F.2d 1151, 1156 (11th Cir. 1991). A plaintiff must show that: "(1) the CRA prepared a report; (2) the report contained inaccurate information; (3) the inaccuracy resulted from the CRA's failure to follow reasonable procedures; and (4) the inaccurate report caused the harm." Middlebrooks v. Experian Info. Sols., Inc., CIVIL ACTION NO. 1:18-CV-2720-SCJ-JSA, 2019 WL 8376270, at *16 (N.D.

Ga. Dec. 19, 2019) (citing Cahlin, 936 F.2d at 1156). The FCRA "'does not make reporting agencies strictly liable for all inaccuracies.' . . . An agency can escape liability if it establishes that an inaccurate report was generated following reasonable procedures, which is generally a jury question." Jackson v. Equifax Info. Servs., LLC, 167 F. App'x 144, 146 (11th Cir. 2006) (quoting Cahlin, 936 F.2d at 1156).

Section 1681i(a) of Title 15 provides that if a consumer disputes the accuracy of information contained in a consumer file at a CRA, "the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file" within 30 days from the date the agency received notice of the dispute. 15 U.S.C. § 1681i(a)(1)(A). After reinvestigation, if "an item of the information is found to be inaccurate or incomplete or cannot be verified, the [CRA] shall–(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer." 15 U.S.C. § 1681i(a)(5)(A).

"To state a claim for a violation of FCRA section 1681i(a) a plaintiff must allege: '(1) the [consumer report in dispute] contains inaccurate or incomplete

12

information; (2) the [plaintiff] notified the [CRA] of the alleged inaccuracy; (3) the dispute is not frivolous or irrelevant; (4) the [CRA] failed to respond or conduct a reasonable reinvestigation of the disputed items; [and] (5) the failure to reinvestigate caused the [plaintiff] to suffer out-of-pocket losses or intangible damages such as humiliation or mental distress.'" Lazarre v. JPMorgan Chase Bank, N.A., 780 F. Supp. 2d 1320, 1329 (S.D. Fla. 2011) (quoting Bermudez v. Equifax Info. Servs., LLC, No. 6:07-cv-1492-Orl-31GJK, 2008 WL 5235161, at *4 (M.D. Fla. Dec. 15, 2008)); see also DeAndrade v. Trans Union LLC, 523 F.3d 61, 66–68 (1st Cir. 2008); Paul v. Experian Info. Sols., Inc., 793 F. Supp. 2d 1098, 1102–03 (D. Minn. 2011). "Accurate reporting is a complete defense to both a 1681e(b) claim and a 1681i claim." Fahey v. Experian Info. Sols., Inc., 571 F. Supp. 2d 1082, 1087 (E.D. Mo. 2008) (citing Cahlin, 936 F.2d at 1156, 1160).

The Court agrees with Defendants that Eleventh Circuit caselaw teaches that a factual inaccuracy is required to state an FCRA claim. Cahlin, 936 F.2d at 1160 (stating that a 1681i(a) claim "is properly raised when a particular credit report contains a <u>factual</u> deficiency or error that could have been remedied by uncovering additional facts that provide a more accurate representation about a particular entry") (emphasis in original). The Court also agrees with the Magistrate Judge that, at the pleading stage, it is sufficient for a plaintiff to make a plausible showing that an item of information in a credit report is inaccurate or

13

incomplete. (R&R at 17.) In a consumer fails to set forth facts supporting a plausible showing of an inaccuracy in a credit report, the consumer, as a matter of law, has not established a violation of [the Act], and a court need not inquire further as to the reasonableness of the procedures adopted by the credit reporting agency." Cahlin, 936 F.2d at 1156.

A reasonable reinvestigation does not require CRAs to resolve legal disputes about the validity of the underlying debts they report. See Humphrey v. Trans Union LLC, 759 F. App'x 484, 488 (7th Cir. 2019) (adopting reasoning of DeAndrade and ruling that "a consumer may not use the Fair Credit Reporting Act to collaterally attack the validity of a debt by challenging a CRA's reinvestigation procedure"); Wright v. Experian Info. Sols., Inc., 805 F.3d 1232, 1242 (10th Cir. 2015) ("A reasonable investigation . . . does not require [credit reporting agencies] to resolve legal disputes about the validity of the underlying debts they report."); Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 892 (9th Cir. 2010) ("We agree that reinvestigation claims are not the proper vehicle for collaterally attacking the legal validity of consumer debts."); DeAndrade, 523 F.3d at 68 (holding a reasonable reinvestigation does not entail resolving "legal issue[s] that a credit agency ... is neither qualified nor obligated to resolve under the FCRA"). Determining whether the consumer has a valid defense, for example, "is a question for a court to resolve in a suit against the [creditor,] not a job imposed

upon consumer reporting agencies by the FCRA." Id. "Nor is a CRA obligated not to report any information about the disputed item simply because the consumer asserts a legal defense." Carvalho, 629 F.3d at 892. "[T]he very economic purpose for credit reporting companies would be significantly vitiated if they shaded every credit history in their files in the best possible light for the consumer." Cahlin, 936 F.2d at 1158.

The Magistrate Judge was hesitant to apply DeAndrade and its progeny to a motion for judgment on the pleadings, but courts within the Eleventh Circuit and in other circuits have applied the above-cited legal principles in resolving motions to dismiss and motions for judgment on the pleadings. Humphrey, 759 F. App'x at 488 ("Because Humphrey's complaint did not allege a factual inaccuracy on his credit report, the district court correctly granted the CRAs' joint motion for judgment on the pleadings. Humphrey's allegation that he was not required to make payments on his student loans required a legal determination about whether his disability-discharge applications required Navient to cease collections."); Berkery v. Equifax Info. Servs. LLC, CIVIL ACTION NO. 18-3417, 2019 WL 1958567, at *3-5 (E.D. Pa. May 2, 2019) (granting motion to dismiss FCRA claims because the reinvestigation requested of the CRAs would have required them to decide whether the creditor was legally allowed to unilaterally increase the plaintiff's minimum monthly payment); Thomas v. Equifax Info. Servs., LLC,

Civil Action No. 1:18-cv-01438-RM-KLM, 2019 WL 948996, at *2-3 (D. Colo. Feb. 27, 2019) (granting motion to dismiss FCRA claims because CRAs were not required to resolve the underlying dispute concerning whether plaintiff was obligated to pay additional amount to automobile finance company); Denan v. Trans Union LLC, No. 18 C 5027, 2019 WL 911270, at *2 (N.D. Ill. Feb. 22, 2019) (granting motion for judgment on the pleadings because plaintiffs' FCRA claims indicated that plaintiffs were trying to hold CRA responsible for resolving legal question of whether their loans were void and uncollectible under state usury law); Perry v. Toyota Motor Credit Corp., Case No. 1:18CV00034, 2019 WL 332813, at *5 (W.D. Va. Jan. 25, 2019) (dismissing FCRA claims under 15 U.S.C. §§ 1681e(b) and 1681i for failure to state a claim and stating that "[t]he proper resolution of a legal defense to payment of the debt is not generally the kind of error that a CRA could discover or resolve through a review of information from consumers, furnishers, or its own files"); Padgett v. Clarity Servs., Inc., Case No. 8:18-cv-1918-T-30CPT, 2018 WL 6628274, at *3-4 (M.D. Fla. Dec. 13, 2018) (granting CRA's Rule 12(b)(6) motion to dismiss the plaintiff's FCRA claims because her inaccuracy allegations were premised on a legal conclusion that the debt was uncollectible); Pembroke v. Trans Union, LLC, No. 16-CV-03194-CMA-STV, 2017 WL 6463254, at *6 (D. Colo. Dec. 19, 2017) (dismissing with prejudice FCRA claims that collaterally attacked the validity of the underlying debt); Barsky v. Experian Info. Sols., Inc,

Case No. 4:15 CV 1017 CDP, 2016 WL 4538526, at *2 (E.D. Mo. Aug. 30, 2016) ("Because Barsky's complaint fails to allege that Experian's consumer report contained information relating to his alleged time-barred debts that was factually inaccurate, as opposed to legally disputed, Experian is entitled to judgment on the pleadings to the extent Barsky claims under 15 U.S.C. §§ 1681e(b) and 1681i that Experian wrongfully reported these debts and failed to properly investigate his related dispute."); <u>Brill v. Trans Union LLC</u>, 15-cv-300-slc, 2015 WL 9095103, at *2-5 (W.D. Wis. Dec. 16, 2015) (granting motion to dismiss FCRA claims against CRA where plaintiff alleged CRA continued to report lease extension on which plaintiff alleged his signature had been forged because whether signature was a forgery was a "legal question that Trans Union could not resolve through reinvestigation"); <u>Prianto v. Experian Info. Solutions, Inc.</u>, Case No. 13–cv–03461–THE, 2014 WL 3381578, at *5-8 (N.D. Cal. July 10, 2014) (granting motion for judgment on the pleadings and finding that plaintiff failed to state claims as a matter of law under sections 1681e(b) and 1681i(1)(A) where plaintiff raised a legal issue, rather than alleging a factual inaccuracy); <u>Banks v. ACS Educ. Corp.</u>, Civil No. 10cv1886 AJB (CAB), 2012 WL 1033316, at *7-8 (SD. Cal. Mar. 26, 2012) (finding that the plaintiff had failed to allege a cognizable claim against several CRAs where the disputes between the plaintiff and his creditors were legal disputes that only a court could resolve). Consistent with the foregoing persuasive authorities,

this Court is of the opinion that FCRA claims alleged in a complaint that are obviously a collateral attack on the validity of a debt are due to be dismissed at the pleadings stage, as those claims necessarily would fail at the summary judgment stage.

Mr. Batterman's Complaint fails because his dispute concerning the reported liquidated damages centers on the validity of the underlying debt and not a factual inaccuracy included on his credit reports.[1] In this regard, Mr. Batterman claims that he did not owe liquidated damages, as he contends the apartment became uninhabitable following a flood and that he consequently terminated the lease agreement. However, the liquidated damages included on Plaintiff's credit report was not factually inaccurate information. It is legally disputed information that turns on the questions of whether Plaintiff's apartment

---

[1] The R&R mentions that Plaintiff also asserted in the dispute letters that he overpaid BR Carroll in rent for January and that BR Carroll has not returned his $75 security deposit, but the sole focus of Plaintiff's FCRA claims, as alleged in the Complaint, is the liquidated damages. (See Compl. ¶¶ 20, 28-30, 33, 36-39.) Plaintiff does not allege anything about the overpayment of January rent in the Complaint and only mentions the security deposit in connection with the claim he brought against BR Carroll for failure to return the security deposit. (See generally Compl.; id. ¶¶ 112-115.) Plaintiff does not allege in the Complaint that the reported debt is inaccurate as to amount. Thus, Plaintiff's issue with the credit reports, based on the allegations supporting his FCRA claims against Equifax and Trans Union, was not the amount of the liquidated damages and any offsets he might be due. Rather, the issue was the inclusion of the liquidated damages on the credit reports and his contention that he did not owe BR Carroll liquidated damages at all. As stated supra, the report of the liquidated damages information is not a factual inaccuracy but is rooted in a legal, contractual dispute. Even if Plaintiff had alleged that there was a factual dispute about the amount allegedly owed by Plaintiff, the resolution of that dispute would have required legal determinations of several underlying contractual issues. Those determinations are for a court of law, not CRAs.

became uninhabitable, whether the lease automatically ended or was terminated prematurely by Plaintiff, and whether the liquidated damages provision is enforceable against Plaintiff. The reinvestigation Mr. Batterman requested would have required the CRAs to address each of these issues. While Plaintiff alleges that BR Carroll acknowledged Plaintiff's termination of the lease agreement, Plaintiff does not allege that BR Carroll ever conceded that Plaintiff's termination of the lease agreement released him from paying liquidated damages. Contract disputes, such as this one, are resolved by a court of law, not CRAs.[2] See Carvalho, 629 F.3d at 891 ("Because CRAs are ill equipped to adjudicate contract disputes, courts have been loath to allow consumers to mount collateral attacks on the legal validity of their debts in the guise of FCRA reinvestigation claims."). CRAs are not qualified to resolve such legal issues, nor are they required to under the FCRA. DeAndrade, 523 F.3d at 68 ("This is not a factual inaccuracy that could have been uncovered by a reasonable reinvestigation, but rather a legal issue that a credit agency . . . is neither qualified nor obligated to resolve under the FCRA.").

Of course, the FCRA does not require a plaintiff to prove an inaccuracy in a consumer report before a CRA is obligated to conduct a reasonable investigation, but a plaintiff does have to present a purported factual inaccuracy, rather than a

---

[2] Notably, prior to a settlement reached by Plaintiff and BR Carroll, this case involved claims and counterclaims litigating these precise issues.

legal defense or legal dispute. Likewise, in this legal proceeding, the Court's finding is not that Plaintiff has pleaded insufficient facts to allege a plausible factual inaccuracy. Rather, the facts that Plaintiff has pled show that Plaintiff's FCRA claims are based on a legal, contractual dispute. Plaintiff thus has no viable FCRA claims against Equifax or Trans Union.

## IV. CONCLUSION

Based on the foregoing, the Court **SUSTAINS** Defendants Trans Union LLC and Equifax Information Services, LLC's Objections to Non-Final Report and Recommendation [Doc. No. 46], **REJECTS** the Non-Final Report and Recommendation [Doc. No. 44], and **GRANTS** Defendants Trans Union LLC and Equifax Information Services LLC's Motion for Judgment on the Pleadings [Doc. No. 30].

The Court **DIRECTS** the Clerk of Court to mark this case closed.

SO ORDERED this 10th day of April, 2020.

                                          *s/ CLARENCE COOPER*
                                          CLARENCE COOPER
                                          SENIOR UNITED STATES DISTRICT JUDGE