[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11717
Non-Argument Calendar
_____

D.C. Docket No. 1:19-cv-01598-CC

JARED BATTERMAN,

                                                    Plaintiff - Counter Defendant - Appellant,

versus

BR CARROLL GLENRIDGE, LLC,

                                                    Defendant - Counter Claimant,

IQ DATE INTERNATIONAL, INC,

                                                    Defendant,

EQUIFAX INFORMATION SERVICES, LLC,
TRANS UNION, LLC,

                                                    Defendants – Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 7, 2020)

Before GRANT, LUCK and DUBINA, Circuit Judges.

PER CURIAM:

Appellant, Jared Batterman, appeals the district court's order granting a motion for judgment on the pleadings in his action asserting claims for negligent and willful violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* against Defendants/Appellees, TransUnion LLC and IQ Data International, Inc. (referred to collectively as "Appellees").  Batterman claims that the Appellees inaccurately reported a collection account on his credit file and failed to investigate properly the alleged inaccuracy, as required by the FCRA.  After reading the parties' briefs and reviewing the record, we affirm the district court's order.

## I.

Batterman rented an apartment from BR Carroll Glenridge, LLC, ("BR Carroll") from September 7, 2017, to January 20, 2018.  The lease agreement contained, in pertinent part, that it would end if the premises were destroyed or otherwise rendered uninhabitable due to an Act of God or any other catastrophic event or casualty that was not the responsibility of the tenant, his family, or his

2

guests. Batterman alleged that shortly after he executed the lease, the premises became uninhabitable due to flooding. Batterman stated that he notified BR Carroll of the problem, and it failed to repair the leak or remediate the flooding. Lab results of the samples taken from the apartment showed elevated counts of harmful molds in the apartment's storage closet and living room. (R. Doc. 1-2, Plaintiff's Complaint).

In January 2018, Batterman terminated the lease and notified BR Carroll via email. BR Carroll acknowledged the termination of the lease but claimed that Batterman owed an additional $2,816 as liquidated damages and hired IQ Data to collect the liquidated damages. Both BR Carroll and IQ Data reported to credit reporting agencies, including Equifax and TransUnion, that Batterman was delinquent on an account. Batterman sent letters to the companies explaining that the representations from BR Carroll and IQ Data were false and requesting that Equifax and TransUnion investigate those misrepresentations. Batterman attached pertinent documents to the dispute letters and asserted that he overpaid BR Carroll because he paid the full rent for January 2018 but terminated the lease and vacated the premises on January 21. Batterman further stated in the dispute letters that BR Carroll owed him his deposit of $75.

After requesting that Equifax and TransUnion conduct an adequate investigation of the dispute and experiencing credit-related issues, Batterman filed

a complaint seeking to hold the Appellees liable for negligent and willful violations of the FCRA.  He asserted that Equifax and TransUnion violated the FCRA by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and files they publish and maintain concerning Batterman.  He also alleged that he consequently suffered damages from the Appellees' negligent and willful conduct.  He sought to recover attorney's fees and costs.

Batterman also alleged that Appellees violated section 1681i of the FCRA by failing to delete inaccurate information in his credit file after receiving actual notice of the inaccuracies, failing to conduct lawful reinvestigations, failing to maintain reasonable procedures with which to filter and verify disputed information, and relying upon verification from unreliable sources.  Batterman again alleged that he suffered damages and that the Appellees' conduct was willful and negligent.  He sought costs and attorney's fees from both Equifax and TransUnion.

Appellees filed a motion for judgment on the pleadings, and the district court referred the motion to the magistrate judge.  The magistrate judge found that Batterman's allegations tended to show that there was an inaccuracy in his credit report and that there was a factual dispute about the amount allegedly owed by Batterman.  The magistrate judge also found that Equifax and TransUnion were

required to conduct a reasonable investigation to determine the accuracy of what was reported, but they failed to do so. Thus, the magistrate judge recommended that the motion be denied because Batterman's allegations were sufficient to state a claim for relief under the FCRA.

Appellees objected to the magistrate judge's report and recommendation, mainly arguing that Batterman alleged a legal contractual question, not a factual inaccuracy. The Appellees also objected on the basis that the magistrate judge failed to acknowledge that there was an unresolved lease dispute between BR Carroll and Batterman regarding Batterman's liability for liquidated damages. The district court agreed with the Appellees and rejected the magistrate judge's recommendation. Finding that a factual inaccuracy is required to state a FCRA claim, and Batterman failed to so state, the district court granted the Appellees' motion for judgment on the pleadings.

## II.

We review *de novo* a district court's order granting a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Cunningham v. District Attorney's Office for Escambia*

*Cty.*, 592 F.3d 1237, 1255 (11th Cir. 2010) (quoting *Andrx Pharm., Inc. v. Elan Corp.*, 421 F.3d 1227, 1232–33 (11th Cir. 2005)).  A motion for judgment on the pleadings under Rule 12(c) is governed by the same reviewing standards as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6).  *Sun Life Assurance Co. of Canada v. Imperial Premium Fin. LLC*, 904 F.3d 1197, 1207 (11th Cir. 2018).

Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief," and the statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (internal quotation marks and alterations omitted).  To survive a Rule 12(b)(6) dismissal, the plaintiff's factual allegations must be sufficient "to raise a right to relief above the speculative level."  *Id.* at 555, 127 S. Ct. at 1965.  On review of a motion to dismiss, courts "are not bound to accept a legal conclusion couched as a factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 2944 (1986).

### III.

The FRCA was enacted "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer, with regard to the

confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b). The FCRA is intended "to prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report." *Equifax v. Fed. Trade Comm'n*, 678 F.2d 1047, 1048–49 (11th Cir. 1982). To establish a prima facie violation of the FCRA, a consumer must present evidence tending to show that a credit reporting agency prepared a report containing "inaccurate" information. *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991). If the plaintiff fails to satisfy this initial burden, he "as a matter of law, has not established a violation" of the FRCA. *Id.*

Section 1681i(a) of Title 15 provides that if a consumer disputes the accuracy of information contained in a consumer file at a credit reporting agency, "the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file" within 30 days of receipt of the notice of dispute. 15 U.S.C. § 1681i(a)(1)(A). After the reinvestigation, if the agency finds that the information is inaccurate, incomplete, or cannot be verified, it shall "promptly delete that item of information from the file of the consumer, or modify that item of information" and "promptly notify the furnisher of that information that the information has been modified or deleted" from the consumer's file. 15 U.S.C. § 1681i(a)(5)(A). A claim pursuant to section 1681i(a) "is properly raised when a

particular credit report contains a *factual* deficiency or error that could have been remedied by uncovering additional facts that provide a more accurate representation about a particular entry." *Cahlin*, 936 F.2d at 1160.  A plaintiff can, at the pleading stage, make a plausible showing that an item of information in a credit report is inaccurate or incomplete; thus, if a consumer fails to set forth such facts, he has, as a matter of law, not established a violation of section 1681i(a).  *Id.* at 1156.

### IV.

We conclude from the record that the district court properly granted Appellees' motion for judgment on the pleadings because Batterman's complaint does not allege that the reported debt is inaccurate as to the amount.  His complaint focuses on the inclusion of the liquidated damages on his credit reports and his allegation that he does not owe liquidated damages to BR Carroll.  The report of the liquidated damages is not a factual inaccuracy; rather, it is a contractual dispute.  Such contractual disputes require resolution by a court of law, not a credit reporting agency.  Batterman's claims are not that the Appellees reported any factually incorrect information in his credit report, but rather, that they failed to accept his interpretation that he lawfully terminated the lease due to its uninhabitability.  Unfortunately, the lease is silent regarding who determines whether an apartment is uninhabitable and any consequences on the tenant's responsibility for liquidated damages.  The Appellees could not have addressed

8

issues related to the amount of the debt until the legal issues surrounding the lease were resolved first.

We conclude that Batterman's complaint concerns a contractual dispute that requires resolution by a court of law, not a credit reporting agency. As such, the complaint does not allege a factual inaccuracy in the credit reports and does not contain allegations sufficient to raise a right to relief on Batterman's FCRA claims. Accordingly, for the aforementioned reasons, we affirm the district court's order granting the Appellees' motion for judgment on the pleadings.

AFFIRMED.

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 07, 2020

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 20-11717-GG
Case Style: Jared Batterman v. Equifax Information Services, et al
District Court Docket No: 1:19-cv-01598-CC

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against the appellant.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Joseph Caruso, GG at (404) 335-6177.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna H. Clark
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs